IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 14-0299-WS |
| | ) |
| HIAWATHA ROBINSON, JR., | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant's Motion to Suppress or in the Alternative Motion for Suppression Hearing (doc. 17). The Motion has been briefed and is ripe for disposition.[1]

**I.    Background.**

On December 17, 2014, an Indictment (doc. 1) filed in open court charged defendant, Hiawatha Robinson, Jr., with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The Indictment recites three prior felony convictions that Robinson allegedly accrued between 2001 and 2011. According to the Indictment, on or about

---

[1] The Court takes the Motion under submission without an evidentiary hearing. It is well-settled that "[w]here a defendant in a motion to suppress fails to allege facts that if proved would require the grant of relief, the law does not require that the district court hold a hearing independent of the trial to receive evidence on any issue necessary to the determination of the motion." *United States v. Cooper*, 203 F.3d 1279, 1285 (11th Cir. 2000) (citation omitted); *see also United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985) (district court "may refuse a defendant's request for a suppression hearing … if the defendant fails to allege facts that, if proved, would require the grant of relief"). Robinson's Motion neither disputes the veracity of key facts alleged by the Government nor supplies a specific alternative factual narrative that, if proved, would entitle him to relief. Instead, Robinson simply argues that the firearm seized must be suppressed because the search warrant lacked the necessary particularity, and the weapon was not recognizable as contraband. No hearing is necessary because the Motion turns on questions of law, rather than disputed issues of fact requiring resolution via evidentiary hearing. *See, e.g., United States v. Horne*, 2006 WL 2668919, *5 (11th Cir. Sept. 18, 2006) (district court properly decided motions to suppress without a hearing where "Horne's motions presented issues of law, not fact," and "[n]either motion raised a disputed issue of fact that required resolution in an evidentiary hearing").

October 2, 2014, Robinson possessed a Harrington & Richardson, 12 gauge, single-barrel shotgun, serial number BA539882 (the "Firearm").[2]

Uncontroverted facts before the Court reflect that law enforcement officers obtained a search warrant (the "Warrant") issued by a Mobile County District Judge on October 1, 2014 at 2:30 p.m.  By its terms, the Warrant authorized a search of the single-story residence located at 3422 Stovall Street in Prichard, Alabama.  (Doc. 22, Exh. 1.)  At the time, officers were investigating Hiawatha Robinson, Jr., on suspicion of killing his 8-year old daughter.  The search location specified on the Warrant matched that listed as Robinson's home address on his state-issued identification card at the time.  (Doc. 22, Exh. 2.)  The Warrant reflected that the property for which the search was authorized consisted of "Shoes (flip flops), umbrella, hair, bodily fluids, clear hair beads, black duct tape, and candy wrappers to include but not limited to Reese's candy."  (Doc. 22, Exh. 1.)  According to the Warrant, the grounds for the search were that these items were "a means of committing the offense of: Murder."  (*Id.*)  Notably, the Warrant did not list firearms among the property for which the search was being authorized, nor did it purport to empower the officers to seize any firearms located at the Stovall Street address.  There was and is no indication or allegation that a firearm had been used in any capacity in commission of the underlying homicide being investigated.

On the morning of October 2, 2014, the officers executed the Warrant at the Stovall Street location.  Robinson was not present.  When the officers entered the front room of the 3422 Stovall Street residence, they observed the Firearm in plain view in a corner of that room.  A photograph depicts the Firearm standing alone in the corner, unobstructed and unconcealed by furniture or other household goods.  (Doc. 22, Exh. 3.)  It is uncontroverted that the officers conducting the search knew of Robinson's criminal history (including specifically his status as a convicted felon).  The officers seized the Firearm from the Stovall Street residence listed as Robinson's address on his state-issued identification because, as a convicted felon, Robinson was prohibited from possessing a firearm pursuant to 18 U.S.C. § 922(g)(1).  Robinson now seeks to

---

[2] The Indictment also charges Robinson with a second count, alleging that he possessed a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9).

suppress the Firearm as having been unlawfully seized during the October 2, 2014 execution of the search warrant.

## II.    Analysis.

As an initial matter, it is well settled that search warrants must satisfy a particularity threshold.  Indeed, "[t]he Fourth Amendment requires that warrants particularly describe(e) the place to be searched, and the persons or things to be seized," so as to prevent "general, exploratory rummaging in a person's belongings."  *United States v. Wuagneux*, 683 F.2d 1343, 1348 (11th Cir. 1982) (citations and internal quotation marks omitted); *see also United States v. Martinelli*, 454 F.3d 1300, 1308 (11th Cir. 2006) ("the Fourth Amendment requires that a warrant sufficiently particularize the things to be seized").  Moreover, "[t]he uniformly applied rule is that a search conducted pursuant to a warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional."  *Groh v. Ramirez*, 540 U.S. 551, 559, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004) (citations omitted).

The premise of Robinson's Motion to Suppress is that the Warrant lacked the requisite particularity because it did not specifically describe the Firearm as an item to be searched for and seized at the Stovall Street address.  In response, the Government invokes the plain view doctrine.  This principle authorizes warrantless seizure of an item where "(1) an officer is lawfully located in the place from which the seized object could be plainly viewed and must have a lawful right of access to the object itself; and (2) the incriminating character of the item is immediately apparent."  *United States v. Folk*, 754 F.3d 905, 911 (11th Cir. 2014) (citations omitted).  Defendant does not (and apparently cannot) dispute that the first prong of the plain-view doctrine is satisfied here; after all, the Warrant specifically authorized the officers to enter and search the Stovall Street address, and the Government has shown that the Firearm was readily visible in the corner of the front room when the officers entered the house.

To the extent that Robinson contends that the second element of the plain-view doctrine (*i.e.*, the requirement that the item's incriminating character be readily apparent) is absent here, such an argument appears inconsistent with the facts.  This prong "merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief that certain items may be contraband."  *Folk*, 754 F.3d at 912 (citation omitted).  The Government asserts (without dissent or challenge from Robinson) that, pursuant to their ongoing investigation, the officers executing the Warrant were aware of defendant's criminal history (including specifically his

status as a convicted felon) at the time they entered the Stovall Street home.  As such, those officers would have appreciated that Robinson was prohibited by § 922(g)(1) from possessing any firearm.  Moreover, even though Robinson was not present at the residence when the search took place, the officers understood from his state-issued identification card that Robinson lived there, thus making it reasonable to conclude that he was in possession of the Firearm located within that residence.  Given those circumstances and understandings, the Firearm itself would be contraband subject to seizure.  *See Folk*, 754 F.3d at 912 ("A firearm that reasonably appears to be in the possession of a convicted felon qualifies as contraband – and is therefore subject to seizure under the plain view doctrine.").  Accordingly, the plain view doctrine authorized the officers executing the Warrant to seize the Firearm, even though that item was not identified in the text of the Warrant itself.

**III.  Conclusion.**

In his Motion to Suppress, Robinson has raised a Fourth Amendment challenge to the seizure of the Firearm during execution of the search warrant, in reliance on the particularity requirement.  However, the Government has made an unrebutted, uncontested showing that (i) the Warrant properly authorized the officers to be present at the Stovall Street address on the morning of October 2, 2014; (ii) upon entering the residence, those officers observed the Firearm in plain view in a corner of the front room; (iii) the officers understood that Robinson lived at the residence and that he was a convicted felon; and (iv) under the totality of the circumstances, a reasonable officer would be warranted in believing that the Firearm may be contraband.  In light of these circumstances, seizure of the Firearm was permissible under the plain view doctrine, notwithstanding its omission from the Warrant.

Defendant's Motion to Suppress or in the Alternative Motion for Suppression Hearing (doc. 17) is **denied**.

DONE and ORDERED this 4th day of February, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE